OPINION OF THE COURT
Nicholas L. Pitaro, J.
Petitioner moved this court on May 28,1981, for an order directing mother, child, and putative father to submit to a Human Leucocyte Antigen (HLA) blood tissue test by a qualified physician, pursuant to section 532 of the Family *629 Court Act (amd L 1981, eh 9). Petitioner’s motion further requested that the order direct payment of the HLA blood test be borne equally by the Department of Social Services and respondent, putative father.
Respondent submitted an affirmation opposing the motion on three grounds: (1) “the HLA test does not fulfill the usual standards of scientific certainty and reliability”; (2) the HLA test would violate his right of privacy; and (3) the HLA test would violate his Fifth Amendment privilege against self incrimination. Respondent’s affirmation did not address the issue of the cost of an HLA test should one be ordered.
The court has considered all papers and proceedings had herein in reaching the decision on this motion.
THE HLA AMENDMENT
Respondent’s first objection is that the HLA test is not scientifically reliable enough to warrant its admissibility in a court of law and, therefore, should not be ordered. In the absence of legislation on the subject, judicial determination is made on the reliability of scientific tests and consequent admissibility of the results thereof. See, for example, case law holding lie detector test results inadmissible (People v Leone, 25 NY2d 511).
In amending section 532 of the Family Court Act, effective March 2, 1981, the Legislature made a policy decision on the reliability and efficacy of the more sophisticated HLA blood test. Before making policy decisions such as this one, the Legislature generally considers a myriad of evidence and balances the conflicting interests. There is no allegation in this case that the Legislature acted in an impermissible or unconstitutional manner in enacting the HLA legislation. Therefore, the court will defer to the legislative determination on the reliability of the HLA blood test and will not engage in further scrutiny of the procedure’s scientific reliability.[2]
Respondent’s second and third objections to an HLA test are claims that this test would violate his constitutional rights. Respondent contends that an order requiring him to *630 submit to an HLA blood test would constitute an invasion of his right to privacy and a violation of his privilege against self incrimination. Both of these constitutional challenges to the new HLA amendment were considered in Jane L. v Rodney B. (108 Misc 2d 709). Applying Schmerber v California (384 US 757), the court held that the HLA blood test authorized by the amendment to section 532 of the Family Court Act does not violate the Fourth Amendment’s search and seizure restrictions or an individual’s right to privacy. In Schmerber (supra) the Supreme Court had upheld the constitutionality of a compelled blood test for alcohol content as a minimal intrusion. In Jane L. v Rodney B. (supra) the HLA blood test was similarly found to be a minimal intrusion. The significant State interest in the welfare of children born out of wedlock, as well as the public interest in potential drain on public funds, was found to justify the intrusion. Therefore, the court held that the HLA amendment did not violate the Fourth Amendment or infringe unconstitutionally on respondent’s right to privacy. In addition, the court in Jane L. v Rodney B. (supra) disposed of the Fifth Amendment self incrimination claim (in n 6) citing the Schmerber holding that a blood test does not implicate the Fifth Amendment privilege, noting that the privilege is limited to criminal cases and, therefore, not applicable to a paternity case where only status and civil liability are the resultant consequences.
This court is in accord with the holding and the rationale of Jane L. v Rodney B. (supra) which finds the HLA amendment to section 532 of the Family Court Act constitutional. Since respondent’s challenges to the HLA test have not survived, the court will now address itself to the provisions of the statute. Section 532 of the Family Court Act states: “The court, on motion of any party, shall advise the parties of their right to a blood test and shall order the mother, her child and the alleged father to submit to one or more blood grouping tests”. (Emphasis added.) This portion of the statute was not amended. Rather the part allowing the HLA was inserted in the middle of the section. Therefore, in a paternity proceeding both parties have a right to move for an HLA blood test in *631 addition to their right to move for a standard blood grouping test. The statute leaves no discretion in the court to deny these motions. The language is mandatory, and the court holds that this unchanged portion of section 532 of the Family Court Act applies to the HLA amendment which follows it. Therefore, petitioner’s motion for an HLA test is granted.
COST OF THE HLA BLOOD TEST
Petitioner’s motion requests that the considerable cost of the HLA be borne equally between the parties. Respondent in his opposing affirmation failed to address the cost issue at all.
Section 532 of the Family Court Act, when amended to allow the HLA test results into evidence, “to aid in the determination of whether the alleged father is or is not the father” was otherwise unchanged. The HLA addition was inserted into the section, and the already existing cost provision follows it. The court holds that the cost provision is applicable to the entire section including the HLA amendment.
The cost provision of section 532 of the Family Court Act makes the respondent liable for the cost of blood testing unless he is indigent, i.e., unable to pay for the tests. The court is given several options when the respondent cannot afford the cost of the blood tests. The tests may be performed by a public health officer, when practicable. When this is not practicable, the statute provides that the court may pay for the tests “from its own funds” in cases where the child is not a public charge and is not likely to become one.[3] If the child is a public charge, or likely to become one, the court may direct the Department of Social Services (DSS) to pay the costs. The statutory language is clear; these options are only available to the court if the respondent is financially unable to pay.[4]
*632 It appears to have been an oversight, and a significant one, that the Legislature did not amend the cost provision of the statute at the time of the HLA amendment. Previously, blood tests were only admissible in evidence to exclude one as the father. Whenever blood grouping test results were admissible, they necessarily aided the respondent and, in essence, won the case for him. Therefore, it was not unfair to have him bear the cost of a test which could only produce exculpatory evidence for him in court. This is not so with the newer HLA test. It is admissible, because of its greater reliability, either to inculpate or exculpate the respondent. Pursuant to the unamended cost provision, an HLA test requested by the mother, which will be ordered because of the mandatory nature of section 532 of the Family Court, and which may very well be given great weight, must be paid wholly by the respondent, unless he is indigent. This could obviously lead to inequitable situations.[5]
Although this court is unhappy with the inequitable results which may arise from its reading of amended section 532 of the Family Court Act, it is of the opinion that it is without recourse. Where the inequity does not appear to reach the level of unconstitutionality the court must abide by legislative enactments and by established rules of statutory construction and interpretation.
In its efforts to avoid the cost inequity which will result in cases involving the HLA blood test, the court has considered the argument that it might hold that the cost provision does not apply to the HLA amendment to section 532 of the Family Court Act. Such an interpretation- would leave a void regarding the cost allocation of HLA blood tests. The Legislature, in amending the statute to provide for the HLA blood test, was silent on the cost aspect of it. The court cannot supply its own cost provision for HLA blood tests by reason of the legislative failure to do so (McKinney’s Cons Laws of NY, Book 1, Statutes, § 363). It is not a function of the judiciary to legislate. Where the Legislature omitted something from a statute, the court *633 must view the omission as intentional (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 73, 74). Therefore, to interpret section 532 of the Family Court Act to the effect that the existing and unamended cost provision does not apply to the HLA amendment, would serve no purpose, and to provide its own cost provision for HLA blood tests would constitute judicial impropriety.
When the Legislature amends a statute, the amendment is to be read as integrated with the statute as a whole (McKinney’s Cons Laws of NY, Book 1, Statutes, § 192). This is especially apparent where, as here, the amendment was inserted into the middle of a section of law. Since the court’s interpretation of the statute, holding the cost provision applicable to the HLA amendment as well as the original portion of section 532 of the Family Court Act is peremptory, the court calls upon the Legislature to address the cost allocation of HLA blood tests and remedy the obvious inequity.
Respondent is represented by privately retained counsel, as opposed to court-appointed counsel for indigent adults, and he is apparently not indigent. Respondent would be obligated under section 532 of the Family Court Act, as construed above, to bear the entire cost, due to the failure of the Legislature to amend the cost provision of section 532 of the Family Court Act concomitant with the HLA provision. In this case petitioner has consented to DSS to pay one half of the cost. Therefore, the court will divide the costs equally between the parties.
In accordance with the foregoing, petitioner’s motion is granted. It is hereby ordered that the parties and the subject child submit to an HLA blood tissue test by a qualified physician. It is further ordered that the cost of this HLA blood test be paid one half by respondent and one half by the Department of Social Services.

. Of course, the reliability of the manner in which any particular HLA blood test is administered would be subject to judicial scrutiny during trial.

. This court is not aware of any such court funds available for such purposes in New York City.

. For the proposition that an indigent person in a paternity case is legally entitled to a blood grouping test, see the recent United States Supreme Court case of Little v Streater (452 US 1) wherein it was held that a denial of a blood grouping test to a respondent who was unable to pay, under a Connecticut statute which provided that the cost of such a test had to be borne by the party requesting it, violated the due process guarantees under the Fourteenth Amendment.

. A more equitable legislative approach might have been to provide that the moving party pay for the test if financially able, with other options available when the movant cannot afford to pay for the test.